UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALBERTO HERNANDEZ

Plaintiff

v.

SURF SONG BEACH RESORT entity d/b/a,
SURF SONG BEACH RESORT

Defendant.
_____/

Case No. 1:19-CV-6094

**JURY TRIAL DEMANDED**

**COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF**

Plaintiff, ALBERTO HERNANDEZ (hereinafter referred to as "Plaintiff"), individually and on behalf of all other individuals similarly situated, hereby files suit against Defendant, SURF SONG BEACH RESORT, entity d/b/a, SURF SONG BEACH RESORT pursuant to the Americans with Disabilities Act, Title III, 42 U.S.C. § 12181 et seq. (hereinafter referred to as "ADA"), and alleges the following:

1. Plaintiff resides in Miami, Florida and is *sui juris*.

2. Plaintiff qualifies as an individual with disabilities as defined by the ADA.

3. Plaintiff is a father of two children, one of which attends Harvard University.

4. Plaintiff is a victim of a drunk driving accident. In late May 2009, Plaintiff was rear-ended. Upon exiting his vehicle to inspect the damage, and, while stepping between his vehicle and the vehicle that hit him, a third vehicle hit the car that had rear-ended Plaintiff. Upon impact, Plaintiff's leg was severed from the knee down. As a result of this amputation, Plaintiff must use a prosthetic leg in order to ambulate.

5. Plaintiff is unable to engage in the major life activity of walking without the use of assistive devices.

6. Plaintiff can only walk through the use of a prosthesis.

7. Plaintiff requires accessible handicap parking spaces located closest to the entrances of a facility.

8. The handicap and access aisles must have sufficient width so that Plaintiff can engage or disengage from a ramp into a vehicle.

9. Routes between handicap parking spaces and all features, goods, and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes, or other hazards that can pose a danger of tipping Plaintiff's wheelchair, catching the wheels, or causing the wheelchair and Plaintiff to fall over.

10. All areas of ambulation must be free from obstructions or unsecure ground that make passage more difficult or impossible.

11. Amenities must be sufficiently lowered so that Plaintiff can access them.

12. Sinks must be at the proper height so that Plaintiff can roll their legs and chair underneath to wash their hands.

13. Plaintiff requires grab bars in order to safely and comfortably use restroom facilities.

14. Plaintiff's wheelchair accommodation cannot be transported through doorways that lack the proper width.

15. Because the accommodations in many locales are unable to meet the needs of Plaintiff, they resort to meeting in places of public accommodation in order to find suitable amenities based on their disability.

16. Plaintiff has decided to become an activist for ADA Compliance so that places of public accommodation comply with the law.

17. Plaintiff is demanding that Defendant comply with Federal Law in providing disabled persons information as to a hotel or motel's accessibility features and descriptions of those features on a hotel or motel's website so that Plaintiff can ascertain whether Defendant's rooms, accommodations, and spaces meet the disability needs of Plaintiff.

18. Plaintiff is an advocate of the rights of similarly situated individuals as a "tester" for the purpose of asserting Plaintiff's civil rights in determining whether places of public accommodations, specifically their websites, are in compliance with the ADA's requirement under 28 C.F.R. § 36.302(e)(1)(ii).

19. Defendant owns a place of public accommodation as defined by the ADA under 28 CFR § 36.201(a) and § 36.104. The property is called Surf Song Beach Resort and is located in Cape May County, New Jersey (hereinafter "the Property").

20. Venue is proper because it is where the Defendant resides, or where Defendant has purposely availed itself by establishing a business of public accommodation within the district.

21. Because Defendant's principle place of business is operated out of Cape May County, New Jersey, it is subject to the jurisdiction of this forum.

22. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. *See also* 28 U.S.C. § 2201 and § 2202.

23. 28 C.F.R. § 36.302(e)(1) imposes the following requirement:

> **Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

24. The regulations encapsulated in 28 C.F.R. § 36.302(e)(1) became effective on March 15, 2012.

25. Further, pursuant to USCS Fed. R. Civ. Pro. Rule 4(k)(2), federal long-arm jurisdiction exists as (1) the exercise of jurisdiction is consistent with the Constitution and the laws of the United States, (2) the claim arises under federal law, and (3) Defendant is not subject to the jurisdiction of any state. *Regent Grand Mgmt., Ltd. v. Tr. Hosp. LLC*, No. 18-21445-Civ, 2019 U.S. Dist. LEXIS 4829 (S.D. Fla. Jan. 9, 2019); *See also Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010).

26. Based on the foregoing, and in the alternative, should this Court find that there is no specific or general jurisdiction, Defendant subjected itself to federal long-arm jurisdiction of the United States under Rule 4(k)(2).

27. Defendant, either itself or by and through a third party, implements, operates, controls, and or maintains a website for the Property which contains an online reservations system. This website is located at http://surfsongnorthwildwood.com/reservations/.

28. The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, amenities, and accommodations of the Property.

29. Consequently, due to the immediate aforementioned allegation, this website is subject to the requirements of 28 C.F.R. Section 36.302(e).

30. Prior to commencement of this lawsuit, Plaintiff visited the Property's website for the purpose of reviewing an assessing the accessible features at the Property in order to ascertain whether it meets Plaintiff's individual disability needs by seeking descriptions of the disability accommodations.

31. Plaintiff was unable to verify whether the Property contains adequate disability accommodations for them because the website contained insufficient or no information with respect to the following items: (1) handicap accessible parking near the entrance; (2) sufficient parking space width to allow a ramp; (3) ramp access at all entrances and exits; (4) unobstructed pathways from the parking lot to the entrance; (5) unobstructed pathways from the entrance to the elevators; (6) unobstructed pathways from any of the key points of interest within the hotel (elevator bank, coffee shop, restaurant, bar, gift shop, or other points of interest) to other key points of interest; (7) sufficient door width to accommodate a wheelchair or walker in a guestroom; (8) grab bars adjacent to and behind the toilet; (9) grab bars in the shower; (10) a roll-in shower; (11) a roll-under sink; and (12) lowered guestroom amenities, which are among other helpful descriptions offered or not offered within the property.

32. Plaintiff's inability to verify this information is due to Defendant's failure to comply with the requirements imposed by 28 C.F.R. § 36.302(e).

33. Defendant's non-compliance deprived Plaintiff of the equal opportunity to obtain necessary information regarding goods, services, features, facilities, and accommodations generally available to nondisabled persons when booking public accommodations at this Property.

34. The violations present on Defendant's website infringes on Plaintiff's right to equal treatment in the selection of a hotel and its accommodations that will suit Plaintiff's specific needs. Currently, the website deprives Plaintiff of the ability to make meaningful choices for travel and discriminates against Plaintiff and others similarly situated by only providing the information necessary for able-bodied persons to make informed booking decisions.

35. The website does not identify and describe the accessible features of the Property in enough detail to reasonably permit individuals with disabilities, including Plaintiff, to assess independently whether this Property meets any specific disability requirements.

36. Simply using the word "accessible" is insufficient to comply with § 28 C.F.R. 36.302(e), as it does not identify or describe the Property's disability features, nor does it allow for independent assessment of the property to meet any specific disability needs prior to booking.

37. Prior to commencement of this action, Plaintiff sent Defendant a letter notifying Defendant of non-compliance, seeking to remedy the situation, and otherwise offering to assist Defendant in coming into compliance with the aforementioned laws.

38. At the time of filing of this lawsuit, Defendant failed to address the letter or otherwise effectively communicate with Plaintiff to resolve the issues of this case.

39. Plaintiff intends to revisit Defendant's or Defendant's third-party agent's website and/or online reservation system in order to test it for compliance with 28 C.F.R. § 36.302(e) and/or otherwise determine if the site provides enough information for Plaintiff to determine whether the site comes into compliance with the guidelines of the aforementioned law.

40. Plaintiff has suffered and continues to suffer frustration and humiliation as a result of the discriminatory conditions present at Defendant's website. Plaintiff's sense of isolation,

segregation, and discrimination prevents Plaintiff from full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the general public.

41. Plaintiff suffers and will continue to suffer direct and indirect injury as a result of the aforementioned discrimination until Defendant is compelled to modify its website to comply with the requirements of the ADA and continually monitor and ensure the website remains in compliance.

42. Plaintiff has an existing, credible, realistic, and continuing threat of discrimination from Defendant's non-compliance with the ADA in regard to the Property's website. Plaintiff has reasonable grounds to believe that they will continue to be subject to this discrimination by Defendant so long as the website remains unchanged.

43. Without immediate injunctive relief, Plaintiff and all others similarly situated will continue to suffer this form of discrimination at the hands of Defendant.

44. Plaintiff is without an adequate remedy at law.

45. Plaintiff continues to suffer irreparable harm due to Defendant's non-compliance with the law and failure to allow Plaintiff to make informed decisions when deciding whether to lodge at Defendant's property.

46. Plaintiff has a substantial likelihood of success on the merits because Defendant's website as it stands both subjectively and objectively fails to comply with 28 C.F.R. § 36.302(e).

47. Granting injunctive relief would not contravene the public interest as persons with disabilities and their protection under Federal Law is in the interest of the public, and the issue can be remedied at the expense of a reasonable calculated effort by Defendant.

48. Plaintiff is entitled to recover attorney's fees, costs, and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505.

49. 42 U.S.C. § 12188 empowers this Court with authority to grant Plaintiff injunctive relief, including an order requiring Defendant to alter the subject website to make it readily accessible, useable, and informative for Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. § 36.302(e); or by shutting down the website until such time as Defendant cures its violations of the ADA.

50. In *Haynes v. Hooters of Am., LLC*, the court held that where a party seeks injunctive relief to maintain a website in compliance with the ADA, amending the website to fix ADA violations does not moot the injunction to the extent it seeks to require a party to maintain its website in compliance with the ADA. 893 F.3d 781, 784 (11th Cir. 2018). As such, there remains a live controversy regarding whether Plaintiff can obtain an injunction requiring Defendant to make its website ADA compliant or maintain its compliance. *Id.*; *See also Campbell-Ewald Co. v. Gomez*, 136 U.S. 663, 669 (2016) (explaining that mootness occurs "only when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.") (citations and internal quotation marks omitted).

51. Based upon the holding in *Haynes v. Hooters of Am., LLC*, Plaintiff is entitled to continuing relief, as ordered and monitored by this Court, because websites are subject to change at any moment.

52. The remedy requested, fixing the Property's website so that it is compliant with the ADA, is easily and inexpensively achievable.

53. Prior to the filing of this Complaint, Plaintiff—by and through its counsel—contacted Defendant and alerted them of their non-compliance with Federal Law.

54. Plaintiff has sent a letter to Defendant and its agents in addition to follow up communications prior to filing this Complaint.

55. As of this date, Defendant's website remains non-compliant. A copy of this website is attached as Exhibit "A" hereto.

WHEREFORE, Plaintiff respectfully requests this Court (**1**) issue a Declaratory Judgment that determines that Defendant at the commencement of this subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302(e)(1)(ii); (**2**) grant injunctive relief against Defendant including an order that Defendant revise its website to comply with the aforementioned laws and implement a policy to monitor and maintain the website through continuing, supervised injunctive relief, even if the website is temporarily changed, to ensure compliance; (**3**) award attorney's fees, costs, and litigation expenses to Plaintiff pursuant to 42 U.S.C. §12205 and/or C.F.R. § 36.505; and (**4**) any other such relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff, DONNSON JIMENEZ demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: February 18, 2019.

Respectfully submitted,

/s/ Stamatios Stamoulis
Stamatios Stamoulis
New Jersey No. 1790-1999
Stamoulis & Weinblatt LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
Tel: (302) 999-1540
Email: stamoulis@swdelaw.com
*Counsel for Plaintiff*

/s/ Avery S. Fenton
Avery S. Fenton (*pro hac* anticipated)
Florida Bar No. 118186
Legal Justice Advocates, LLP
6460 NW 5th Way
Fort Lauderdale, FL 33309
Tel: (202) 803-4708
Email: af@legaljusticeadvocates.com
*Counsel for Plaintiff*
